**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY BERRY | : | CASE NO. 2:16-CV-856 |
| Plaintiff, | : | Judge Michael H. Watson |
| v. | : | Magistrate Chelsey M. Vascura |
| IQOR HOLDINGS US, INC. | : | |
| Defendant. | : | |

## AGREED PROTECTIVE ORDER

The parties to *Johnny Berry v. iQor Holdings US, Inc..*, Case No. 2:16-CV-856 (referred to herein as "this action"), hereby stipulate and agree as follows:

WHEREAS, the parties to this action recognize that certain documents will be produced that may contain confidential information; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1.     Confidential Information:    Plaintiff, Defendants(s) and/or any experts or consultants retained by Plaintiff or Defendant(s) are required to maintain the confidentiality of the following documents that may be produced through discovery in this litigation or obtained and marked as exhibits in depositions in this case:  (a) documents containing information related to current or former clients of iQor Holdings US, Inc. ("iQor"); (b) documents containing confidential financial information of iQor;  (c) documents containing confidential or personal

information of any current or former employees of iQor, including, but not limited to, personnel files; and (e) any other documents that contain confidential or proprietary business information, which is designated by the producing party as confidential. Such documents ("Confidential Documents") shall be marked "CONFIDENTIAL", and such Confidential Documents and the information contained therein ("Confidential Information") are protected from disclosure to the public regardless of whether they are conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a non-party in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among counsel, at any time during this litigation and by any party to this litigation.

2.      Disputes Regarding Confidential Documents:   Any party objecting to the designation of any document as Confidential shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the party who classified the document as confidential may move for an order regarding the designation of the documents at issue. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

3.      Limitation on Disclosure:   All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation. Confidential Documents may be disclosed only to the following persons:

a.      Attorneys of record for any party to this action, and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

b.      The parties to this action;

c.      The Court and its personnel, and members of the jury;

2

      d.      Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

      e.      Any arbitrator or mediator designated in this action;

      f.      Any court reporter employed in connection with a deposition in this litigation;

      g.      Any person approved in writing, in advance of disclosure, by the producing party.

4.      All persons reviewing or receiving copies of Confidential Documents are prohibited from disclosing the contents thereof to any other person other than for the prosecution or defense of this action, except in conformity with this Agreed Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Agreed Protective Order. Before either party to this action furnishes or provides to other persons any Confidential Document or Confidential Information, that party shall provide the person to whom such disclosure is made with a copy of this Agreed Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein. Notwithstanding the foregoing, the parties to this action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential Document or Confidential Information, but shall be bound by the terms of this Agreed Protective Order by their signature or the signature of their respective counsel herein.

5.      The recipient of any Confidential Document shall maintain such information in a secure and safe area.

6.      The parties will discuss the need to designate all or any part of a deposition as Confidential Information under this Order. If a party wishes to make such a designation, the party shall either make a statement on the record during the deposition or notify counsel for the other parties in writing or via email within 45 days of receiving an official transcript of the deposition. All depositions will be treated as Confidential Information during this 45-day consideration period. If all or any portion of a deposition is to be treated as Confidential Information pursuant to this Order, the court reporter shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains Confidential Information, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.

7.      A procedure for use of Confidential Documents and Confidential Information as exhibits at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court. Any party seeking to file confidential documents or confidential information will follow the procedures set forth in Local Rule 5.2.1

8.      After receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, or by settlement, counsel for the receiving parties who have received Confidential Documents and documents containing Confidential Information shall retain such documents in their files and shall appropriately mark such documents as "confidential" and retain them in their files pursuant to the terms of this protective order. All other persons who have received Confidential Documents and documents containing

Confidential Information shall destroy or return all such documents, and all copies thereof, to the producing party.

9.       Nothing in this Agreed Protective Order shall preclude any party to this action or any other person from disclosing or using in any manner or for any purpose, any information or document obtained by means other than discovery in this action (if such information is lawfully obtained from a third party having the right to disclose such information) even though the same information may be contained in a Confidential Document.

10.      This Agreed Protective Order shall not affect any party's right to object to the use in this litigation of a Confidential Document or Confidential Information on any ground.  The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at the time of trial or otherwise.

11.      This Agreed Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

12.      Any waiver under this Agreed Protective Order must be made in writing or, if at a deposition, on the record.  Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Agreed Protective Order.

13.      The terms and provisions of this Agreed Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing or by order of the Court.

For good cause appearing, IT IS SO ORDERED.

_____

Magistrate Judge Chelsey M. Vascura

HAVE SEEN AND AGREED:

/s/ Paul F. Rogers
Paul F. Rogers (0092496)
FARLOW & ASSOCIATES,  LLC
270 Bradenton Avenue, Suite 100
Dublin, OH 43017
Telephone: (614) 734-1270
Facsimile: (614) 923-1031
E-mail: progers@farlowlaw.com

Counsel for Plaintiff Johnny Berry

/s/ Gretchen M. Treherne
Karen T. Dunlevey (0067056), Trial Attorney
Gretchen M. Treherne (0074376)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. 5th Street
Cincinnati, Ohio 45202
Telephone:  (513) 898-0050
Facsimile:   (513) 898-0051
Email: gretchen.treherne@jacksonlewis.com;
            karen.dunlevey@jacksonlewis.com

Counsel for Defendant iQor US Holdings, Inc.

6

## EXHIBIT A

### NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Agreed Protective Order entered in the case of *Johnny Berry v. iQor Holdings US, Inc.,* United States District Court for the Southern District of Ohio (Eastern Division) Case No. Case No. 2:16-CV-856, and hereby agree to comply with and be bound by the terms and conditions of said Agreed Protective Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Agreed Protective Order.

Dated: _____

Signed: _____

Printed Name: _____

Address: _____

Phone: _____

4814-8062-7531, v. 1

7